IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01425-PAB-KMT

DAVID ADAM TEAGUE,

    Plaintiff,

v.

STATE OF COLORADO,
DEPARTMENT OF CORRECTIONS,
DENVER CITY JAIL, and
ADULT PAROLE SUPERVISION DIVISION,

    Defendants.

_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on October 8, 2020 [Docket No. 72]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on October 8, 2020.[1] No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

---

[1] The Recommendation was mailed to plaintiff on October 8, 2020 at Denver County Jail, P.O. Box 1108, Denver, CO 80201-1108. The Recommendation has been returned as undeliverable from that address. Docket No. 73. This address represents the only known address for plaintiff.

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.[3]

Further, since plaintiff's release from detention on June 22, 2020, when his parole hold was lifted, Docket No. 72 at 5, mail sent to plaintiff has been returned as undeliverable. Pursuant to D.C.COLO.LCivR 5.2(c), plaintiff has a responsibility to update his address, which he has failed to do.

Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge Kathleen M. Tafoya [Docket No. 72] is **ACCEPTED**;

2. Defendants Trani and Wyatt's Motion to Dismiss [Docket No. 69] is **GRANTED**;

3. City and County of Denver's Motion to Dismiss Plaintiff's Prisoner Complaint [Docket No. 70] is **GRANTED**;

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[3] Defendants State of Colorado and Department of Corrections have not moved for dismissal and are, therefore, still defendants to this case.

    4.  Plaintiff David Adam Teague's claim seeking injunctive relief regarding his conditions of confinement [Docket No. 5 at 18] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

    5.  Plaintiff's claim seeking injunctive relief in the form of the termination of defendant Wyatt's employment [Docket No. 5 at 18] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted; and

    7.  Plaintiff's remaining pending motions are **DENIED AS MOOT**.

DATED November 2, 2020.

                                BY THE COURT:

                                PHILIP A. BRIMMER
                                Chief United States District Judge