IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01425-PAB-KMT

DAVID ADAM TEAGUE,

     Plaintiff,

v.

STATE OF COLORADO,
DEPARTMENT OF CORRECTIONS,
DENVER CITY JAIL, and
ADULT PAROLE SUPERVISION DIVISION,

     Defendants.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court *sua sponte*. On May 18, 2020, plaintiff filed a motion for a temporary restraining order, Docket No. 1, and, on May 20, 2020, a *pro se* prisoner complaint. Docket No. 5. On November 2, 2020, at the recommendation of the magistrate judge, Docket No. 72, the Court granted two defendants' motions to dismiss and denied plaintiff's remaining motions as moot.[1] Docket No. 74.

When plaintiff commenced this action, he was detained at the Denver County Jail on a parole hold.[2] Docket No. 1 at 4. However, beginning on July 6, 2020,

---

[1] As the Court noted in its order, defendants State of Colorado and Colorado Department of Corrections did not move for dismissal. Docket No. 74 at 2 n.3. They have, however, filed two motions, Docket Nos. 35, 39, despite not entering notices of appearance, yet state that they "are not presently responding to the Complaint," Docket No. 69 at 1 n.1.

[2] The Colorado Department of Corrections, Division of Adult Parole stated that plaintiff was detained at the VanCise-Simonet Detention Center pursuant to a parole detainer issued by the Division of Adult Parole. Docket No. 62 at 1.

plaintiff's mail began to be returned as undeliverable.  *See* Docket Nos. 64, 65, 66, 67, 68, 73, 75.  According to the Colorado Department of Corrections, Division of Adult Parole, plaintiff's parole hold was lifted, and he was released from detention on June 22, 2020.  Docket No. 62 at 2.  Plaintiff did not alert the Court of this and has failed to provide a forwarding address.  He has therefore not complied with D.C.COLO.LCivR 5.1(c), which states that "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change."  Plaintiff's pro se status does not relieve him of the obligation to diligently prosecute his case and to "comply with the same rules of procedure that govern other litigants."  *Marburger v. Estate of Newfeld*, No. 14-cv-00971-PAB-KLM, 2015 WL 4035651, at *1 (D. Colo. June 30, 2015) (report and recommendation accepted) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Given plaintiff's apparent failure to prosecute this case, or to make any contact with the Court since June 22, 2020, when he filed a "motion to move the court," Docket No. 49, it is therefore

**ORDERED** that, on or before January 28, 2021, plaintiff shall show cause why this case should not be dismissed for failure to prosecute.

DATED January 19, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

2