IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01425-PAB-KMT

DAVID ADAM TEAGUE,

      Plaintiff,

v.

STATE OF COLORADO,
DEPARTMENT OF CORRECTIONS,
DENVER CITY JAIL, and
ADULT PAROLE SUPERVISION DIVISION,

      Defendants.

---

**ORDER**

---

This matter is before the Court *sua sponte*.  On May 18, 2020, plaintiff filed a motion for a temporary restraining order, Docket No. 1, and, on May 21, 2020, a *pro se* prisoner complaint.  Docket No. 5.  On November 2, 2020, at the recommendation of the magistrate judge, Docket No. 72, and after plaintiff failed to timely object to the recommendation, the Court granted two defendants' motions to dismiss and denied plaintiff's remaining motions as moot.[1]  Docket No. 74.

Plaintiff's mail has been returned as undeliverable since at least July 6, 2020, *see* Docket Nos. 64, 65, 66, 67, 68, 73, 75, and he has not advised the Court that his

---

[1] As the Court noted in its order, defendants State of Colorado and Colorado Department of Corrections did not move for dismissal.  Docket No. 74 at 2 n.3.  They have, however, filed two motions, Docket Nos. 35, 39, despite not entering notices of appearance, yet state that they "are not presently responding to the Complaint," Docket No. 69 at 1 n.1.

address has changed, despite his obligation to do so.  *See* D.C.COLO.LCivR 5.1(c) ("Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change.").  As such, on January 19, 2021, the Court issued an order to show cause why this case should not be dismissed for plaintiff's failure to prosecute the case, or to make any contact with the Court since June 22, 2020.  Docket No. 76.  The Court ordered plaintiff to respond by January 28, 2021.  *Id.* at 2.  Plaintiff did not respond to the Court's order.

Although plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with diligence, and, as the Court explained in its order to show cause, pro se status does not excuse the obligation of any litigant to comply with the same court orders and rules of procedure that govern other litigants. *Id.* (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a remiss litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

2

Under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), a court should

consider five factors before dismissing claims under Rule 41(b).[2]  These factors are:

1. "the degree of actual prejudice to the defendant,"

2. "the amount of interference with the judicial process,"

3. "the culpability of the litigant,"

4. "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and

5. "the efficacy of lesser sanctions."

*Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir.

2018) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).  As to the first

factor, there appears to be some prejudice to defendants, particularly given that they

prepared and filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure, to which the plaintiff did not respond.  *See* Docket

Nos. 69, 70.  As to the second factor, the Court finds the weight of any interference with

the judicial process is neutral.  However, as to the third factor, plaintiff's culpability is

evident.  Despite the Court's order requiring him to show cause, plaintiff has failed to do

so and appears to have abandoned his claims in this matter.  As to the fourth factor, the

Court warned plaintiff that if he failed to respond, the Court may dismiss his case.

Docket No. 76 at 2.  And, as to the final factor, lesser sanctions do not appear to be

---

[2] The Court acknowledges that consideration of the *Ehrenhaus* factors is typically required for dismissals *with* prejudice.  *Nasious*, 492 F.3d at 1162.  The Court addresses the factors here for their relevance in dismissing actions without prejudice as well.  *Cf. Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) (district court "did more than is required for a dismissal without prejudice when it recited and applied the Ehrenhaus factors.").

feasible given the plaintiff's complete silence since June 22, 2020.  Thus, the Court finds that consideration of both Rule 41(b) of the Federal Rules of Civil Procedure and the *Ehrenhaus* factors weighs in favor of dismissal in this case.

Therefore, it is

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  It is further

**ORDERED** that this case is closed.

DATED February 1, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge